**In re NATIONAL SAFE CENTER INC. dba Commercial Security Products, and dba Safe Center Hawaii, Debtor.**

**Bankruptcy No. 83–00405.**

United States District Court,
D. Hawaii.

Aug. 19, 1983.

Carol K. Muranaka, U.S. Atty., Honolulu, Hawaii, for U.S.

Herbert J. Leider, Honolulu, Hawaii, for debtor.

ORDER

PENCE, District Judge.

The United States has moved this court to determine that certain property of the debtor now in the custody of the United States Customs Service may be sold, under the authority of 19 U.S.C. § 1491, at auction, forthwith as scheduled. This court has denied the Motion.

■ Section 1491 does not vest title in the United States Customs Service of prop-

erty "unclaimed and abandoned to the custody of the United States Customs Service for over a year." The statute does but set up a presumption of abandonment and nonclaim by the owner thereof, but that presumption, by the statute itself, may be held for naught if the owner of the property pays to the Customs Service "all duties, storage, and other charges, and expenses that may have accrued thereon" "at any time prior to sale". 19 U.S.C.A. § 1491 (1980). Thus, the statute itself states that while custody of "merchandise" may rest in the Customs Service, title thereto does not change at any time prior to sale. Section 1493 gives to the owner of the "merchandise" the surplus, if there be any, of any proceeds of any sale, i.e., that which might remain after the payment of all storage charges, expenses, etc., on the "merchandise".

The debtor in the instant case insists that the property consists of a safe and specialized bank safe accessories and spare parts and that the value is far in excess of that which might result from an auction of the nature of that conducted by the Customs Service.

Inasmuch as the bankrupt estate has an interest in the property of the debtor now in the custody of the United States Customs Service, the sale thereof by the Customs Service under § 1491 is ORDERED STOPPED, forthwith.

The disposition of the property in question will be determined in due course upon the filing of proper motions by concerned parties.